UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:18-cv-402-Oc-30PRL

CASEY E. WALSH,

    Plaintiff,
vs.

The CITY OF OCALA, a municipal corporation, et al.,

    Defendants.
_____/

**DEFENDANT SHERIFF'S RESPONSE
TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION**

COMES NOW the Defendant, Sheriff Billy Woods, by and through his undersigned attorneys, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Middle District Local Rule 6.02, and responds to the Plaintiff, Casey E. Walsh's June 28, 2019, Objection and Response to Magistrate's Report and Recommendation. (Doc. 120; Doc. 122.) The Report and Recommendation ("the Report") addresses all the Defendants' motions to dismiss the Plaintiff's Amended Complaint. (Doc. 70; Docs. 73, 74, 78, 79, 80.) The Sheriff's Motion to Dismiss is Document 73. The Report recommends granting all the Defendants' motions and dismissing Counts I, II, III, IV, V, VI, VII, IX, and XI, which leaves only Counts VIII and X against the City of Ocala as viable claims.

The Report carefully analyzed the Plaintiff's Amended Complaint and properly applied the applicable law in reaching its conclusions. The primary conclusion underlying the recommendation to grant the motions is that the Plaintiff failed to successfully allege that the actions of Defendant Chief Graham established a plausible claim for hostile environment

1

sexual harassment. The Amended Complaint added two additional episodes of Chief Graham allegedly making offensive comments over the original complaint, resulting in a total of eight over a five-year period (with six occurring in 2016). However, the allegations failed to meet the bar set by the Eleventh Circuit for an objectively reasonable perception of the conduct being severe enough to alter the terms or conditions of employment. (Doc. 120, p. 6-8.)

Count VI against the Sheriff alleged a conspiracy with three other Defendants, including Chief Graham, to violate the Plaintiff's Fourteenth Amendment rights. The Report's ruling on the failure of the hostile environment sexual harassment claim resulted in Count VI's dismissal as there was no Fourteenth Amendment violation to support a conspiracy claim. See Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir. 2008) (citing Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990), cert. denied, 500 U.S. 932 (1991); GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir. 1998)). This was a correct ruling and should be adopted by the District Court.

The Plaintiff's objection to the Report posits that it was error to focus on the frequency and severity of the Chief's comments rather than the Plaintiff's alleged subjective humiliation. (Doc. 122, p. 2.) She cites Mendoza v. Borden, Inc., 195 F.3d 1238 (11th Cir. 1999) (en banc), cert. denied, 529 U.S. 1068),[1] and Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798 (11th Cir. 2010) (en banc), both of which were also applied by the Report. She asserts she should be allowed to "proceed forward and establish the severity of the humiliation that she suffered." (Doc. 12, p. 4.) The Report provides numerous examples of

---

[1] The Mendoza en banc opinion affirmed the trial court's judgment as a matter of law for the defendant on the plaintiff's sexual harassment and hostile environment claims. Id. at 1241.

2

opinions in which actions of varying degrees of egregiousness were not considered severe or pervasive enough to affect the conditions of employment (Doc. 120, p. 9-11) and Mendoza does the same. Mendoza, 195 F.3d at 1251-52.  The Report correctly finds the Plaintiff's conclusory allegations of humiliation were insufficient to overcome the objective components of lack of frequency and severity of the comments (Doc. 120, p. 11), and the ruling should be adopted by the District Court.

Also dismissed by the Report is Count V, a claim for retaliation made against Sheriff Woods and three other Defendants. This ruling is correct as a matter of law pursuant to legal precedent holding there is no clearly established right under the Fourteenth Amendment Equal Protection Clause to be free from retaliation. (Doc. 120, p. 13, citing Ratliff v. DeKalb Cnty, GA, 62 F.3d 338, 340 (11th Cir. 1995)). The Plaintiff's objection attempts to fit her allegations into a narrow exception in which a plaintiff can show the defendant maintained and reinforced the sexually hostile environment. (Doc. 122, p. 14.) The only action attributed to the Sheriff, who was not the Plaintiff's employer, was the rescission of her deputy status which was granted to selected officers at the Ocala Police Department to extend their jurisdictional boundaries in certain circumstances, such as vehicle pursuits. As the Report states, this is not plausibly construed as ongoing sexual harassment or to suggest she was treated differently based on her gender, nor were the other Defendants' actions. (Doc. 120, p. 13.) The recommended dismissal of Count V is a correct ruling and should be adopted by the District Court.

The Sheriff continues to rely on his Motion to Dismiss the Amended Complaint, which asserts the Plaintiff has failed to successfully allege  any claim against him and

requests the dismissal of the Amended Complaint with prejudice as another amendment would be futile. (Doc. 73.) The Report and Recommendation issued in this matter regarding the Amended Complaint is correct in all respects and the Sheriff requests its adoption by the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **July 10, 2019**, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will send notice of electronic filing to the following: Bobi J. Frank, Katherine Gudaitis, Stephanie Pindermann, Margaret Hood Mevers, Kielan Saborit and L. Edward McClellan. I further certify that I sent the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants: N/A.

**/s/ Linda L. Winchenbach**
Florida Bar No. 0749249
John M. Green, Jr., P.A.
125 N.E. First Ave., Ste. 2
Ocala, Florida 34470
Tel: (352) 732-9252; Fax: (888) 545-7282
lwinchenbach@me.com
Attorneys for Defendant, Sheriff Billy Woods