## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CASEY E. WALSH,

    Plaintiff,

v.                                          Case No: 5:18-cv-402-Oc-30PRL

CITY OF OCALA, REUBEN GUINN,
MARY SUE RICH, JAY MUSLEH,
MATTHEW WARDELL, BRENT
MALEVER, JAMES HILTY, KENNETH
GRAHAM, WILLIAM WOODS,
MICHAEL BALKEN and LOUIS
BIONDI,

    Defendants.

## **ORDER**

**THIS CAUSE** came on for consideration on the Report and Recommendation submitted by Magistrate Judge Philip R. Lammens (Doc. 120). In the Report and Recommendation, the Magistrate Judge recommends that Defendants' Motions to Dismiss (Docs. 73, 74, 78, 79, and 80) be granted, and that this case proceed only against the City of Ocala on two retaliation claims.

Plaintiff Casey Walsh objects to the Report and Recommendation, raising the following objections:

1. The Magistrate Judge wrongly concluded Walsh failed to state a claim for hostile environment sexual harassment by misapplying the four, objective-component factors in *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999);

2. The Magistrate Judge wrongly concluded that the "spurned suitor" exception for retaliation claims under the equal protection clause did not apply to Walsh's retaliation claim in count V; and

3. The Magistrate Judge wrongly concluded that she could not state a claim for constructive discharge.

(Doc. 122).

The Court concludes all the objections should be overruled. Having reviewed the Report and Recommendation and the amended complaint, the Court agrees that Walsh failed to state a claim for hostile environment sexual harassment. While the Magistrate Judge did not explicitly analyze the fourth factor—"whether the conduct unreasonably interferes with the employee's job performance," *Mendoza*, 195 F.3d at 1246—the Magistrate Judge properly considered the remaining factors and found that they were so deficient that Walsh's claim was not plausible. That is enough. Regardless, this Court concludes that Walsh failed to state a claim for hostile environment sexual harassment under the totality of the circumstances based on its independent review of the pleading.

That ruling flows directly into this Court's conclusion that the Magistrate Judge correctly analyzed the applicability of the "spurned suitor" exception. The "spurned suitor" exception, as the Magistrate Judge explained, is dependent on a hostile environment sexual harassment claim existing. (Doc. 120, p. 13). Because this Court agrees that Walsh failed to state a claim for hostile environment sexual harassment, it must also agree with the Magistrate Judge that the "spurned suitor" exception does not apply.

Finally, the Magistrate Judge's discussion of whether Walsh could prove constructive discharge was mere dicta. The Magistrate Judge recommended dismissal of count XI because constructive discharge is not itself a cause of action. Walsh concedes this in her objections. (Doc. 122, p. 15) ("Plaintiff agrees that her constructive discharge claim should be subsumed within her claims for retaliation."). So Walsh's objection to dicta in the Report and Recommendation is overruled.

So, after careful consideration of the Report and Recommendation of the Magistrate Judge in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

1. The Report and Recommendation (Doc. 120) of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Defendants' Motions to Dismiss (Docs. 73, 74, 78, 79, and 80) are GRANTED as follows:

    a. Counts I, II, III, IV, V, VI, VII, IX, and XI are DISMISSED WITH PREJUDICE.

    b. The Clerk shall terminate Reuben Guinn, Mary Sue Rich, Jay Musleh, Matthew Wardell, Brent Malever, James Hilty, Kenneth Graham, William Woods, Michael Balken, and Louis Biondi as Defendants, leaving the City of Ocala as the only remaining Defendant.

3

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of July, 2019.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record